Of Counsel:
WRIGHT & KIRSCHBRAUN
A Limited Liability Law Company
DEBORAH K. WRIGHT          4444
KEITH D. KIRSCHBRAUN       4971
1885 Main Street, Suite 108
Wailuku, Hawaii 96793
Telephone: 808-244-6644
Facsimile: 808-244-1013
Email: WrightKirsch@aol.com

JONES DAY
SCOTT K. BEHRENDT (*pro hac vice*, Cal. Bar No. 200217)
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: skbehrendt@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD H. ELLER,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, TRANS UNION LLC, a foreign corporation, and BANK ONE CORPORATION, a foreign corporation,<br><br>　　Defendants. | CIVIL NO. 04-CV-174 DAE KSC<br><br>DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S RULE 26(a)(2) EXPERT WITNESS REPORT |

Exhibit 6

1   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S RULE 26(a)(2) EXPERT WITNESS REPORT

LAI-2219327v1

displayed when a creditor asks to review their credit report. In particular, people who have recently changed their names, as often happens when women get married, would lose their credit histories that were built up over time and would have to start all over again.

A further reason exists why it would adversely impact consumers and lenders if Experian were to be required to have an exact match of social security numbers or exact matches with respect to each of the other identifiers before it could link consumer credit items to a consumer as a result of receiving identifying information from sources that it believes to be reliable. Credit Repair Clinics frequently advise their clients to modify part of their identification in an effort to hide their accurate adverse credit histories. An exact match requirement would readily enable consumers who are unable or unwilling to pay bills to "lose" their adverse credit histories. This would greatly facilitate their ability to build new credit histories, which they can walk away from at any time they choose. Inevitably, the resulting losses would eventually be passed on to consumers who do pay their bills on time, in the form of higher interest rates or lending fees.

E. Experian's Matching System

To address these and other problems, and to assure maximum possible accuracy of credit reports, Experian developed a reasonable matching system, based on extensive statistical studies. Experian's matching system uses a "basket"

of identifiers, which are weighted based on many factors, to determine which credit items to display on a particular credit report. Experian's computer system weighs a number of factors devised over years of experience in the consumer credit reporting business. The facts used and the weight given to each factor have been revised from time to time over the history of Experian's consumer credit business. These factors, and the accurate results provided by their utilization, are the key elements of Experian's business that distinguishes it from its competitors. As such, Experian keeps such information highly confidential and has not disclosed the details of its matching system to anyone outside of Experian despite being involved in credit reporting litigation over a number of years.

Experian's matching system was designed to permit some credit items to display in spite of certain variations in identifying information. Variations are permitted, however, only after Experian performs thorough testing to ensure a high level of accuracy, and to minimize the chances that credit information belonging to one consumer would display on another consumer's credit report.

In order to be able to locate and display a consumer's credit history notwithstanding the inconsistent and different name identification used by consumers as well as unannounced address changes, Experian had to rely on the use of a social security number. When a lender provides a social security number, first name, middle initial and last name on an inquiry to Experian's credit reporting

17   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S RULE
     26(a)(2) EXPERT WITNESS REPORT
LAI-2219327v1

system which matches exactly with the same identifiers in records in Experian's file, it is virtually certain that the records retrieved in this way from Experian's file belongs to the individual who has applied for credit. This is the only way that consumer credit reporting could work.

If Experian were not permitted to link to consumers accounts that are reported by reputable lenders when these accounts were reported with substantial identification belonging to the consumer, then credit reporting would cease to be possible. This would adversely impact the approximately 85% of consumers who pay their bills on time as well as lenders and merchants across the United States. Furthermore, it would be contrary to the intent of Congress, which recognized that the banking system is dependent upon fair and accurate credit reporting.

It is entirely reasonable, therefore, for Experian to rely on reputable lenders both when reports about the accounts were initially made to Experian and subsequently when conducting reinvestigations to determine who was responsible for the accounts.

Given the absence of a unique universal identifier with a robust built-in check digit feature by which to uniquely identify consumers, no manual or computer matching system can prevent credit information belonging to one consumer from displaying on the credit report of another consumer when critical identifying information supplied to Experian as belonging to one consumer

matches, or matches very closely, with identifying information belonging to the other consumer when they are reported by lenders, collection agencies or by the public record as living at the same or an extremely similar address. Recognizing that this could occur, Experian developed a procedure that upon notification that a mixed file has occurred, Experian would be able to apply a more stringent matching procedure designed to ensure that a mixed file did not re-occur in the future for that consumer. This procedure is designed to only display credit information that was reported with critical identification that exactly matches the identification that is provided on the inquiry. As would be expected of such a stringent procedure, it is likely that an incomplete credit report or even no credit report might result in the event that incomplete, inconsistent or incorrect identification were to be provided when credit information is reported to Experian or when a credit report was pulled. The name of this procedure is called "Do Not Combine".

Experian's matching system has continually been reviewed and refined through an ongoing process involving extensive review by individuals with significant experience, including, for example, experience with identification reported by subscribers, Experian's search and matching rules, and the design of matching systems.