Beck.MTCTranscript.txt

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

STEVEN E. BECK,
             Plaintiff,

    -vs-                                Case No. 1:05-cv-347

EQUIFAX INFORMATION SERVICES,
LLC, et al.,
             Defendants.

PARTIAL TRANSCRIPT
(Experian Motions)

August 26, 2005

Before:  Liam O'Grady, Magistrate Judge

APPEARANCES:

Leonard A. Bennett, Counsel for the Plaintiff

Experian   Dean Calloway and Timothy McElvoy, Counsel for Deft.

Rebecca E. Kuehn, Counsel for Defendant Chase

Page 1

Exhibit 7

Beck.MTCTranscript.txt

```
 6   previously testified there was no incentive program for its
 7   employees.
 8           THE COURT:  All right.  I think it is reasonable--
 9           MR. CALLOWAY:  Your Honor--
10           THE COURT:  And if you have a manual that
11   identifies how somebody should go about doing the proper
12   search, produce it.
13           MR. BENNETT:  And we have provided them the name of
14   the employee who runs that National Fraud Database.  We just,
15   obviously, can't contact him ourselves.
16           THE COURT:  Okay.
17           MR. CALLOWAY:  Your Honor--
18           THE COURT:  You want to give them the
19   administrative handbook, number one?
20           MR. CALLOWAY:  Yes, that's another example, Your
21   Honor.  And again, Your Honor, this has to be taken in
22   context.  What I feel is happening here is that Mr.--  In
23   fact, I have an e-mail from Mr. Beck yesterday where he
24   indicates his intent to pile on.
25           The problem that we have, Your Honor, is that--
```

52

```
 1   Mr. Bennett, excuse me.  Is that plaintiff is using this as
 2   an opportunity to ask inquiries that are not relevant to this
 3   litigation, but that he just wants to use in further
```

Page 56

Beck.MTCTranscript.txt

4   litigation.

5        THE COURT: He wants to be able to interpret the
6   credit reports that you gave him. And he says that it has
7   got all this code in it, and he wants to know what it means.

8        MR. CALLOWAY: Your Honor, with respect to the
9   Ad.Min. handbook, Your Honor, Experian will agree to provide
10  the plaintiff with the relevant portions with the definitions
11  and codes in the Ad.Min. handbook.
12       Other than the things in there, every witness that
13  has testified-- Or, excuse me. The witness that we put up
14  with regard to our 30(b)(6), Kimberly Hughes, was able to
15  define any kind of codes in the Ad.Min.'s that Mr. Bennett
16  already has from Experian.
17       With respect to the Ad.Min. handbook, we will
18  produce portions of it. Not all of it is relevant. And
19  like, this would-- I mean, it is apples and oranges.
20  Producing information that has nothing to do with Mr. Beck's
21  credit file is just overbroad.
22       THE COURT: Well, how does Mr. Bennett know if you
23  don't produce the entire handbook when you are talking--
24       MR. CALLOWAY: Well, if we look to Mr. Beck's
25  Ad.Min, administrative report, and we look at the codes

53

Beck.MTCTranscript.txt

```
 1   contained therein, and then we just give him the
     definitions
 2   for those, and give him the relevant portions of the
 3   handbook, I don't see anything problematic in that.
 4           THE COURT:  What about the codes that could have
 5   been looked at and weren't?  Isn't he entitled to what you
 6   didn't do that the handbook may specify should have been
     done
 7   in his case?
 8           MR. CALLOWAY:  I don't believe so, Your Honor.  I
 9   believe that--
10           THE COURT:  I think it is.  And I don't know
11   whether there are any there, but produce the book in a
12   confidential basis.
13           I think he is entitled to know what codes were
14   identified and also what other codes were not identified --
15   could have been on different report information, that could
16   have been generated and was not for his credit report.
17           MR. CALLOWAY:  Okay.  The bonus information--
     The
18   bonus information.  Or the employee compensation packages.
19           Your Honor, each of the witnesses that Mr.
     Bennett
20   deposed stated that they did not have any idea of what the
     --
21   their bonuses were based on other than this idea of just
22   generically quality or quantity, as the Court might expect.
23   You know, the more you do and the better you do it, the
24   better you get paid.
25           That's all they know.  They don't have any idea
     as
```

Page 58

```
                              Beck.MTCTranscript.txt
        22              MR. BENNETT:  Judge, we would narrow that to
        23   January 1, '04 to April '05, which is the last dispute.
        24              THE COURT:  Okay.
        25              MR. CALLOWAY:  Was April '05?

56


         1              MR. BENNETT:  Yes.
         2              MR. CALLOWAY:  Database management.  I think this
         3   was the one that Mr. Bennett opened with.
         4              Your Honor, to be frank, I don't even understand
         5   what this is.  And I don't understand the particular
         6   documents that he is searching for.  I have never read Ms.
         7   Centanni's deposition.  In fact, I don't even know how to
         8   pronounce her name properly.  In fact, I have never met her
         9   before.
        10              So, I am kind of in the dark with respect to
this.
        11   This is the first time I recall seeing this in -- or
hearing
        12   about this.  And maybe I haven't read Mr. -- Mr. Bennett's
        13   discovery requests closely enough or their dispute letters.
        14   But this is the first time I have ever recalled hearing
about
        15   this.
        16              If there is something that he can point me to
        17   that--
        18              MR. BENNETT:  Yeah, I can.  I sent this whole
list
        19   to the Atlanta office of Jones Day a few weeks ago.  Here
is
                                      Page 61
```

Beck.MTCTranscript.txt
20   the copy of the transcript I just cited. But-- And you
21   can-- Certainly, Ms. Centanni--
22          THE COURT: Well, what interrogatory or document
23   request do you think--
24          MR. BENNETT: Well, we have asked for all the
25   manuals, Judge. We have narrowed it in this instance, I

57

1   shouldn't be punished for narrowing it to eight things.
moving          2   MR. CALLOWAY: Your Honor, I thought we were
motion   3   to compel the items listed in his -- in his -- in his
4   to compel.
there   5   I mean, if that's the case, Your Honor, then
production   6   is numerous other interrogatories and requests for
mean,   7   that I have that I just didn't even choose to bring. I
asking   8   we are going to be here all day and we are going to be
9   for everything.
to   10   MR. BENNETT: We have -- we have narrowed it out
11   these finite things for the purpose-- Because we have a
12   limited amount of time left. These are the only ones that
13   could still help us. I am not hear to learn. I am here to
the   14   litigate a case before Judge Lee. But here is a copy of
15   excerpts that include that.

Page 62

Beck.MTCTranscript.txt

16              THE COURT: You read enough into the record where
17   it is clear that there is a manual of some materials that
18   they -- that they use to help review the administrative
19   records.
20              MR. CALLOWAY: But that's the Ad.Min. report,
21   that's what we talked about already.
22              MR. BENNETT: She discussed it in two different
23   two different documents.
24              THE COURT: Right. The database management
25   training material, that is 200-plus pages, a manual. She

58

1    looked at it two weeks ago. And it identifies how data
2    gets put into the credit reports. And also it helps them review
3    the administrative record.
4              And Mr. Bennett says that the question of what is
5    or what is not in the plaintiff's file is relevant to the
6    lawsuit. And I agree with him.
7              So, let's-- Let's check with Ms. Centanni or Mr.
8    Browne and let's see if it exists.
9              MR. CALLOWAY: I will, Your Honor. And, Your
10   Honor, I just want to be perfectly clear for Your Honor's
11   guidance. The testimony exactly was this: Well, what's the
12   name of the document you recall, this very big document? For
13   lack of a better word, I would call it data management

Page 63

Beck.MTCTranscript.txt

```
14   training materials.
15              Question: And are these the same materials that
16   are provided to the Texas -- or Allen, Texas consumer
17   employees when they do their training?  I don't know that
18   is exactly the same document.
19              Now, if it is the same document, Your Honor, I
20   would submit that it has already been produced and we are
21   under any other obligation.  But I give to the Court my
22   as an officer of the Court that I will confirm that and
23   report back.
24              THE COURT:  Okay.  If it's -- if it's the same--
25              MR. BENNETT:  She represented it wasn't in the
```

affairs (margin note at line 16)
it (margin note at line 17)
not (margin note at line 20)
word (margin note at line 21)

59

```
1    deposition.  We asked about the participant guide.
2              THE COURT:  All right.  How about the 7X and NX
3    report?
4              MR. CALLOWAY:  Your Honor, to be frank, I am
5    somewhat flatfooted.  My information at this point is that
6    the 7X reports are not generated anymore.
7              If Mr.--  Now, that's an artifice of the past.
8    Mr. Bennett has something else to--  And this is my
9    information as of six months ago, which--  Which, Your
10   in sum, I don't generally do individual credit, consumer
```

If (margin note at line 7)
Honor, (margin note at line 9)

Page 64

Beck.MTCTranscript.txt

```
        7   of '05, and then the other report is comprehensive.  So, the
        8   one they print out today would detail the whole history of
        9   the file.
       10            THE COURT:  All right.
       11            MR. BENNETT:  And then the Long Ad.Min., Judge, I
       12   discussed this, although in my final list I didn't say it
       13   again, but I read the Long Ad.Min., which is the third report
       14   that includes, if you recall--
       15            THE COURT:  The history of the credit file.
       16            MR. BENNETT:  The history, yes, sir.
       17            THE COURT:  All right.
       18            MR. CALLOWAY:  I believe that's -- that's the list,
       19   Your Honor.  I think we have exhausted it.
       20            THE COURT:  All right.  I think I have granted
       21   those motions.
       22            Just so we are clear, Mr. Bennett, there is lots of
       23   other interrogatories, document requests, requests for
       24   admissions that are both in your motion and/or in your long
       25   letter.  You know, the failure --  One of the interrogatories
```

62

```
        1   asks for your contentions on the affirmative defenses, and
        2   that wasn't answered.  And this is it?
        3            MR. BENNETT:  We take our lumps.  I said, Judge, if
```

Page 67

Of Counsel:
NORMAN K.K. LAU
Attorney at Law
A Law Corporation

NORMAN K.K. LAU 1795
820 Mililani Street, Suite 701
Honolulu, Hawaii 96813
Telephone No. (808) 523-6767
Facsimile No. (808) 523-6769
Email: norm@normlau.com

ROBERT S. SOLA, P.C.
Attorney at Law

ROBERT S. SOLA (*pro hac vice, OSB No. 84454*)
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Telephone No. (503) 295-6880
Facsimile No. (503) 291-9172
Email: rssola@msn.com

Attorneys for Plaintiff
GERALD H. ELLER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD H. ELLER, | CASE NO. CV 04-00174 DAE-KSC |
| Plaintiff, | CERTIFICATE OF SERVICE [RE: PLAINTIFF'S REPLY TO EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL; DECLARATION OF ROBERT S. SOLA] |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign corporation; and BANK ONE CORPORATION, a foreign corporation, | |
| Defendants. | |

CERTIFICATE OF SERVICE [RE: PLAINTIFF'S REPLY TO EXPERIAN INFORMATION
SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL;
DECLARATION OF ROBERT S. SOLA]

I hereby certify that a copy of: PLAINTIFF'S REPLY TO EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL and DECLARATION OF ROBERT S. SOLA were duly served upon the following parties at their last known address indicated below, by depositing same with the U.S. Postal Service, postage prepaid, first class mail or hand-delivery, on the date indicated below.

|  | Hand Delivery | Mail |
|---|---|---|
| ROBERT M. KOHN, ESQ.<br>Price Okamoto Himeno & Lum<br>707 Richards Street, Suite 728<br>Honolulu, HI 96813 | X |  |
| THERESA LOPEZ, ESQ.<br>Crowell & Moring LLP<br>3 Park Plaza, 20th floor<br>Irvine, CA 92614-8505<br><br>Attorneys for Defendant<br>TRANS UNION LLC |  | X |
| DEBORAH K. WRIGHT, ESQ.<br>Wright & Kirschbraun<br>1885 Main Street, Suite 108<br>Wailuku, HI 96793 |  | X |
| SCOTT K. BEHRENDT, ESQ.<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br><br>Attorneys for Defendant<br>EXPERIAN INFORMATION SOLUTIONS, INC. |  | X |

DATED: Honolulu, Hawaii, January 6, 2006.

ROBERT S. SOLA (pro hac vice)
NORMAN K.K. LAU
Attorneys for Plaintiff
GERALD H. ELLER

2