**DEFENDANT TRANS UNION LLC'S
APPENDIX OF
FOREIGN AUTHORITIES**

**TAB #4**

Westlaw.

Page 1

C.R.S.A. § 12-14.3-103

C
West's Colorado Revised Statutes Annotated Currentness
 Title 12. Professions and Occupations (Refs & Annos)
  General
   Article 14.3. Colorado Consumer Credit Reporting Act (Refs & Annos)

→§ 12-14.3-103. Permissible purposes--prohibition

(1) A consumer reporting agency may furnish a consumer report only under the following circumstances:

(a) In response to an order of a court having jurisdiction to issue such an order;

(b) In accordance with the written instructions of the consumer to whom it relates; and

(c) To a person which the consumer reporting agency has reason to believe:

(I) Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving an extension of credit to, or review or collection of an account of, the consumer and if the consumer chooses to provide their social security number to the user, the user shall include the social security number with, or as a supplement to, a request for a consumer report, and include the social security number when transmitting subsequent credit information to a consumer reporting agency; or

(II) Intends to use the information for employment purposes only if an applicant or employee is first informed that a credit report may be requested in connection with his or her application for employment and the consumer consents in writing to the same; or

(III) Intends to use credit scoring information in connection with the underwriting or rating of insurance involving the consumer and such person establishes that the consumer has received written notification, or notification in the same medium as the application for insurance, that a credit report may be requested in connection with his or her application for insurance, and that credit scoring information may be used to determine either the consumer's eligibility for insurance or the premium to be charged to the consumer; or

(IV) Intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(V) Otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer; or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2

C.R.S.A. § 12-14.3-103

(VI) Intends to use the information for any purpose allowed under the federal "Fair Credit Reporting Act" and rules promulgated pursuant to such act.

(2) A consumer reporting agency may not, by contract or otherwise, prohibit a user of any consumer report or investigative consumer report from, upon request of the consumer, disclosing and explaining the contents of such report or providing a copy of the report to the consumer to whom it relates if adverse action against the consumer has been taken or is contemplated by the user of the consumer report or investigative consumer report, based in whole or in part on such report. No user or consumer reporting agency shall be held liable or otherwise responsible for a disclosed or copied report when acting pursuant to this subsection (2) nor shall such disclosure or provision of a copy of the report, by themselves, make the user a consumer reporting agency.

CREDIT(S)

Added by Laws 1995, S.B.95-122, § 3, eff. Jan. 1, 1996. Amended by Laws 1995, H.B.95-1053, § 28, eff. Jan. 1, 1996; Laws 1997, S.B.97-133, § 3, eff. Aug. 1, 1997; Laws 2000, Ch. 58, § 2, eff. Jan. 1, 2001.

HISTORICAL AND STATUTORY NOTES

2003 Main Volume

Laws 1995, H.B.95-1053, §§ 29, 30 provide:

"Section 29. **Severability**. If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act that can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

"Section 30. **Effective date--applicability**. (1) Sections 6 and 27 of this act shall take effect January 1, 1996, and shall apply to acts occurring on or after said date; except that said section 27 shall only take effect if Senate Bill 95-122, enacted at the First Regular Session of the Sixtieth General Assembly, does not become law. The remainder of this act shall take effect July 1, 1995, and shall apply to acts occurring on or after said date.

"(2) Section 28 of this act shall take effect January 1, 1996, only if Senate Bill 95-122, enacted at the First Regular Session of the Sixtieth General Assembly, becomes law."

Laws 1995, S.B.95-122, §§ 4, 5 provide:

"Section 4. **Severability**. If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act that can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.R.S.A. § 12-14.3-103

"Section 5. **Effective date--applicability**. Section 3 of this act shall take effect January 1, 1996, and shall apply to acts occurring on or after said date. The remainder of this act shall take effect upon the expiration of the period allowed for submitting a referendum petition pursuant to article V, section 1(3) of the state constitution, unless a referendum petition is filed against this act within such period, in which case this act, if approved by the people, shall take effect on the date of the official declaration of the vote thereon by proclamation of the governor."

The 1997 amendment rewrote subpars. (1)(c)(I) to (1)(c)(III), which prior thereto read:

"(I) Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

"(II) Intends to use the information for employment purposes; or

"(III) Intends to use the information in connection with the underwriting of insurance involving the consumer; or";

and in subsec. (2), in the first sentence, inserted "and explaining" and "or providing a copy of the report", and in the second sentence, inserted "or copied" and "or provision of a copy of the report", and substituted "themselves" for "itself".

Laws 2000, Ch. 58, § 2, effective January 1, 2001, rewrote subpar. (1)(c)(III) which had read:

"Intends to use the information in connection with the underwriting of insurance involving the consumer and such person establishes that the consumer has received written notification, or notification in the same medium as the application for insurance, that a credit report may be requested in connection with his or her application for insurance; or"

LIBRARY REFERENCES

2003 Main Volume

   Credit Reporting Agencies ⚲ 1.
   Westlaw Topic No. 108A.
   C.J.S. Credit Reporting Agencies; Consumer Protection §§ 2 to 11, 15.

RESEARCH REFERENCES

2005 Electronic Pocket Part Update

**Treatises and Practice Aids**

9 Colorado Practice Series § 1.14, The Colorado Act-Substantive Prohibitions on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

C.R.S.A. § 12-14.3-103

Debt Collection Activities.

16 Colorado Practice Series § 1.17, Credit Reports and Investigative Consumer Reports.

UNITED STATES SUPREME COURT

Fair credit reporting, improper disclosure claims, discovery rule as tolling statute of limitations, see TRW Inc. v. Andrews, 2001, 122 S.Ct. 441, 534 U.S. 19, 151 L.Ed.2d 339, on remand 289 F.3d 600.

C. R. S. A. § 12-14.3-103, CO ST § 12-14.3-103

Current through the end of the 2005 First Regular Session of the 65th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.