**DEFENDANT TRANS UNION LLC'S
APPENDIX OF
FOREIGN AUTHORITIES**


**TAB #10**

Westlaw.

Page 1

C.R.S.A. § 12-14.3-106

C
West's Colorado Revised Statutes Annotated Currentness
  Title 12. Professions and Occupations (Refs & Annos)
    General
      Article 14.3. Colorado Consumer Credit Reporting Act (Refs & Annos)

→§ 12-14.3-106. Procedure for disputed information

(1) If the completeness or accuracy of any item of information contained in the consumer's file is disputed by the consumer and the consumer notifies the consumer reporting agency directly of such dispute, the agency shall reinvestigate the item free of charge and record the current status of the disputed information on or before thirty business days after the date the agency receives notice conveyed by the consumer. The consumer reporting agency shall provide the consumer with the option of speaking directly to a representative of the agency to notify the agency of disputed information contained in the consumer's file.

(2) On or before five business days after the date a consumer reporting agency receives notice of a dispute from a consumer in accordance with subsection (1) of this section, the agency shall provide notice of the dispute to all persons who provided any item of information in dispute.

(3) Notwithstanding subsection (1) of this section, a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer under such subsection (1) if the agency reasonably determines that such dispute by the consumer is frivolous or irrelevant. Upon making such a determination, a consumer reporting agency shall promptly notify the consumer of such determination and the reasons therefor, by mail, or if authorized by the consumer for that purpose, by telephone. The presence of contradictory information in the consumer's file does not in and of itself constitute reasonable grounds for determining the dispute is frivolous or irrelevant.

(4) If, after a reinvestigation under subsection (1) of this section of any information disputed by a consumer, the information is found to be inaccurate or cannot be verified, the consumer reporting agency shall promptly delete such information from the consumer's file, revise the file, provide the consumer and, at the request of the consumer, any person that, within the last twelve months, requested the disputed information with a revised consumer report indicating that it is a revised consumer report, and refrain from reporting the information in subsequent reports. The consumer reporting agency shall advise the consumer that he or she has the right to have a copy of the revised consumer report sent by the consumer reporting agency to any person that requested the disputed information within the last twelve months.

(5) Information deleted pursuant to subsection (4) of this section may not be reinserted in the consumer's file unless the person who furnishes the information

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.R.S.A. § 12-14.3-106

reinvestigates and states in writing or by electronic record to the consumer reporting agency that the information is complete and accurate.

(6) A consumer reporting agency shall provide written notice of the results of any reinvestigation or reinsertion made pursuant to this section within five business days of the completion of the reinvestigation or reinsertion. Such notice shall include:

(a) A statement that the reinvestigation is complete;

(b) A statement of the determination of the consumer reporting agency on the completeness or accuracy of the disputed information;

(c) A copy of the consumer's file or consumer report and a description of the results of the reinvestigation;

(d) A notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the consumer reporting agency, including the name, business address, and, if available, the telephone number of any person contacted in connection with such information;

(e) A notification that the consumer has the right, pursuant to the applicable provisions of the federal "Fair Credit Reporting Act", 15 U.S.C. sec. 1681i, as amended, to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

(f) A notification of the consumer's rights to dispute resolution under section 12-14.3-107, which are available after the consumer has followed all dispute procedures described in this section and has received the notice specified under this subsection (6).

(7) Nothing in this section shall be construed to require a person who obtains a consumer report for resale to alter or correct any inaccuracy in such consumer report if the consumer report was not assembled or prepared by such person.

(8) The consumer reporting agency shall provide a person who provides credit information to the agency with the option to speak directly with a representative of the agency or to submit corrections to previously reported information by facsimile or other automated means when inaccurate information that was reported by such credit information provider appears on a consumer's file. The consumer reporting agency shall, in a period not to exceed five business days from the receipt of such faxed or automated information regarding such corrections, correct such inaccuracies on the consumer's file and, upon request, communicate such corrections to the person who submitted the initial request for corrections. The credit information provider's communication shall include information established by the consumer reporting agency that identifies him or her as the credit information provider who provided the original inaccurate information. Nothing in this subsection (8) shall be construed to prohibit a consumer reporting agency from correcting inaccurate information in a consumer's file or a consumer report at any time.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.R.S.A. § 12-14.3-106

CREDIT(S)

Added by Laws 1995, S.B.95-122, § 3, eff. Jan. 1, 1996. Amended by Laws 1997, S.B.97-133, § 7, eff. Aug. 1, 1997.

HISTORICAL AND STATUTORY NOTES

2003 Main Volume

Laws 1995, S.B.95-122, §§ 4, 5 provide:

"Section 4. **Severability.** If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act that can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

"Section 5. **Effective date--applicability.** Section 3 of this act shall take effect January 1, 1996, and shall apply to acts occurring on or after said date. The remainder of this act shall take effect upon the expiration of the period allowed for submitting a referendum petition pursuant to article V, section 1(3) of the state constitution, unless a referendum petition is filed against this act within such period, in which case this act, if approved by the people, shall take effect on the date of the official declaration of the vote thereon by proclamation of the governor."

The 1997 amendment, in subsec. (1), added the second sentence; rewrote subsec. (4), which prior thereto read:

"If, after a reinvestigation under subsection (1) of this section of any information disputed by a consumer, the information is found to be inaccurate or cannot be verified, the consumer reporting agency shall promptly delete such information from the consumer's file, revise the file, and refrain from reporting the information in subsequent reports.";

and added subsecs. (7) and (8).

CROSS REFERENCES

    Child support enforcement, debt information available to consumer reporting agencies, rules and regulations, see § 26-13-116.

    Consumer report information block, see § 12-14.3-106.5.

    Consumer's right to file action in court or arbitrate disputes, see § 12-14.3-107.

    Violations, see § 12-14.3-108.

LIBRARY REFERENCES

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

C.R.S.A. § 12-14.3-106

2003 Main Volume

    Credit Reporting Agencies 🔑 1.
    Westlaw Topic No. 108A.
    C.J.S. Credit Reporting Agencies; Consumer Protection §§ 2 to 11, 15.

C. R. S. A. § 12-14.3-106, CO ST § 12-14.3-106

Current through the end of the 2005 First Regular Session of the 65th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.