**DEFENDANT TRANS UNION LLC'S
APPENDIX OF
FOREIGN AUTHORITIES**

**TAB #11**

Westlaw.

Page 1

C.R.S.A. § 12-14.3-106.5

C

West's Colorado Revised Statutes Annotated Currentness
 Title 12. Professions and Occupations (Refs & Annos)
  General
   Article 14.3. Colorado Consumer Credit Reporting Act (Refs & Annos)

→ § 12-14.3-106.5. Consumer report information block

(1)(a) A consumer reporting agency shall, within thirty days after the receipt of a police report or order pursuant to this paragraph (a), permanently block the reporting of any information that a consumer identifies on his or her consumer report as being subject to either a police report or a court order referenced in subparagraph (I) or (II) of this paragraph (a) if the consumer provides a consumer reporting agency with proof of the consumer's identification and a copy of:

(I) A police report that alleges that a person other than the consumer obtained or recorded, by means of fraud, theft, or other violation of the "Colorado Criminal Code", personal identifying information of the consumer without authorization from the consumer and that the person used the information to obtain, or attempt to obtain, credit, goods, services, or moneys in the name of the consumer without the consumer's consent; or

(II) A certified court order issued pursuant to section 18-1.3-603(7), C.R.S.

(b) The consumer reporting agency shall promptly notify the person who furnished the information that a police report or court order has been filed, that a block has been requested, and of the effective date of the block.

(2)(a) A consumer reporting agency may decline to block or may rescind any block of consumer information if, in the exercise of good faith and reasonable judgment, the consumer reporting agency believes:

(I) The information was blocked due to a misrepresentation of fact by the consumer relevant to the request to block under this section;

(II) The consumer agrees that the blocked information or portions of the blocked information were blocked in error;

(III) The consumer knowingly obtained possession of goods, services, or moneys as a result of the blocked transaction or transactions or the consumer should have known that he or she obtained possession of goods, services, or moneys as a result of the blocked transaction or transactions; or

(IV) The consumer so requests in writing and presents proof of the consumer's identity.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2

C.R.S.A. § 12-14.3-106.5

(b) A consumer reporting agency shall decline to block or shall rescind any block of consumer information if, in the case of a block or block request based upon the filing of an order, the sentencing court amends, dismisses, or withdraws its prior order to correct records issued pursuant to section 18- 1.3-603(7), C.R.S., and the consumer provides such documentation from the court and proof of the consumer's identity.

(3) If a block of credit information is declined or rescinded pursuant to this section, the consumer reporting agency shall promptly notify the consumer in the same manner as consumers are notified of the reinsertion of information pursuant to section 12-14.3-106. The prior presence of the blocked information in the consumer reporting agency's file on the consumer is not evidence of whether the consumer knew or should have known that he or she obtained possession of any goods, services, or moneys.

(4) This section does not apply to a consumer reporting agency that acts as a reseller of information by assembling and merging information contained in the data base of one or more other consumer reporting agencies and that does not maintain a data base of the assembled or merged information from which new consumer reports are produced.

CREDIT(S)

Added by Laws 2002, Ch. 143, § 1, eff. July 1, 2002. Amended by Laws 2002, Ch. 318, § 389, eff. Oct. 1, 2002.

HISTORICAL AND STATUTORY NOTES

2003 Main Volume

Laws 2002, Ch. 318, § 2, amended and relocated Article 1.3 of Title 18, effective October 1, 2002, from provisions formerly located in Articles 7, 8, 9, 11, 11.5, 13, and 18.5 of Title 16, Articles 26, 27, 27.8, and 27.9 of Title 17, and Articles 1 and 4 of Title 18. Section 389 of that Act made conforming amendments to subpar. (1)(a)(II) and par. (2)(b) of this section as enacted by Laws 2002, Ch. 143, § 1.

Laws 2002, Ch. 318, § 399, provides in part:

"[S]ection 389 of this act [amending this section] shall only take effect if House Bill 02-1258 is enacted at the Second Regular Session of the Sixty-third General Assembly and becomes law..."

House Bill 02-1258 (Ch. 143) was approved May 6, 2002.

CROSS REFERENCES

    Consumer's right to file action in court or arbitrate disputes, see § 12-14.3-107.

    Violations, see § 12-14.3-108.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C.R.S.A. § 12-14.3-106.5

LIBRARY REFERENCES

2003 Main Volume

 Credit Reporting Agencies &#x1F511; 1.
 Westlaw Topic No. 108A.
 C.J.S. Credit Reporting Agencies; Consumer Protection §§ 2 to 11, 15.

C. R. S. A. § 12-14.3-106.5, CO ST § 12-14.3-106.5

Current through the end of the 2005 First Regular Session of the 65th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.