Of Counsel:
PRICE OKAMOTO HIMENO & LUM
Attorneys at Law
KENNETH T. OKAMOTO, ESQ. 2068
ROBERT M. KOHN, ESQ.    6291
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Telephone: (808) 538-1113
Fax: (808) 533-0549
Email:    rkohn@pohlhawaii.com

CROWELL & MORING LLP
Attorneys at Law
DONALD E. BRADLEY, ESQ. (*pro hac vice*, Cal. Bar No. 145037)
THERESA C. LOPEZ, ESQ. (*pro hac vice*, Cal. Bar No. 205338)
3 Park Plaza, 20th Floor
Irvine, California 92614-8505
Telephone: (949) 263-8400
Email:    dbradley@crowell.com
          tlopez@crowell.com

Attorneys for Defendant
TRANS UNION LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD H. ELLER,<br><br>        Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign corporation; BANK ONE CORPORATION, a foreign corporation,<br><br>        Defendants. | CIVIL NO. 04-CV-174 DAE KSC<br><br>DEFENDANT TRANS UNION LLC'S CONCISE STATEMENT OF MATERIAL FACTS AND EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; CERTIFICATE OF SERVICE<br><br>Action Filed:  12/17/2003<br><br>Date:      02/27/2006<br>Time:      10:30 a.m.<br>Judge:   Hon. David A. Ezra |

**A.    Plaintiff's Fourth And Fifth Causes Of Action Alleging Trans Union Negligently And/Or Willfully Violated FCRA Sections 1681e(B) And 1681i Fail Because Plaintiff Cannot Prove Trans Union Issued A Report Containing Inaccurate Information**

| MATERIAL    FACT | EVIDENCE |
|---|---|
| 1.   The only credit reports that allegedly contain inaccurate information are all tri-merge reports prepared by third parties, not Trans Union. | Declaration of Theresa C. Lopez ("Lopez Decl."), ¶¶ 6, 11, 12; Ex. C, F, and I. |

**B.    Plaintiff's Fourth and Fifth Causes of Action Alleging Trans Union Negligently and/or Willfully Violated FCRA Section 1681i Fail Because Plaintiff Did Not Dispute Any Information Contained In His Trans Union Consumer Report**

| MATERIAL    FACT | EVIDENCE |
|---|---|
| 3.   Plaintiff did not notify Trans Union of any disputes. | Terry Decl., ¶ 7. |
| 4.   The February 27, 2002 letter to Trans Union's counsel is not a dispute because it is not about information appearing on a Trans Union report. | Lopez Decl., ¶ 7; Ex. D. |

**C.    Plaintiff's Fourth and Fifth Causes of Action Alleging Trans Union Negligently And/Or Willfully Violated FCRA Section 1681e(b) Fails Because Trans Union Cannot Be Held Liable For Not Reporting in 2003 The Accounts It Previously Reported in 2001**

| MATERIAL    FACT | EVIDENCE |
|---|---|
| 5.   On August 14, 2001, Trans Union issued a consumer disclosure regarding Plaintiff. | Terry Decl., ¶ 2; Ex. A. |
| 6.   Plaintiff's March 8, 2003 and April 30, 2003 Trans Union consumer disclosures do not contain the same accounts as the August 14, 2001 disclosure. | Terry Decl., ¶¶ 4-5; Ex. G and Ex. H. |

**D.   Plaintiff's Fourth And Fifth Causes Of Action Alleging Trans Union Negligently And/Or Willfully Violated FCRA Section 1681g Act Fails Because Trans Union Provided Plaintiff With His Consumer Disclosures Upon Request**

| MATERIAL  FACT | EVIDENCE |
|---|---|
| 7.  Trans Union processed Plaintiff's March 8, 2003 and April 30, 2003 disclosure requests based on the indicative information Plaintiff provided and based on the contents of the identified file as of the date the request was processed. | Terry Decl., ¶ 4-5; Ex. G and H. |
| 8.  Consumer disclosures and credit reports are not static. They change constantly. Furnishers of information constantly update information previously reported to Trans Union, including the addition of new accounts, deletion of previously reported accounts, and modifications to existing accounts.  Simply because an item of information appeared on a report previously, does not mean that that item of information will continue to be reported indefinitely. | Terry Decl., ¶ 6. |

**E.   Plaintiff's Sixth Cause of Action Alleging Trans Union Violated Colo. Rev. Stat., Sections 12-14.3-101, _et seq._, Fails For The Reasons Set Forth Above As To Plaintiff's FCRA Section 1681e(b), 1681i and 1681g Claims**

| MATERIAL  FACT | EVIDENCE |
|---|---|
| 9.  Trans Union refers to and incorporates the Material Facts set forth in Sections A through D, above. | Trans Union refers to and incorporates the Evidence set forth in Sections A through D, above. |

**F.    All of Plaintiff's Causes of Action Against Trans Union Fail Because Plaintiff Cannot Prove That He Has Suffered Any Damages**

1.  Plaintiff Was Denied Air Traffic Controller Position Because He Failed The Hearing Test And Was Denied A Waiver, Not Because Of His Credit

| MATERIAL  FACT | EVIDENCE |
|---|---|
| 10.  Plaintiff failed the Flight Four Physical's hearing test required for the air traffic controller position. | Lopez Decl., ¶ 5; Ex. B (Vol. 2 – 275:24-276:9, 362:6-10.) |
| 11.  The military denied Plaintiff's request for the hearing requirement waiver. | Ex. B. (Vol. 2 -- 284:18-285:4, 292:12-15.) |
| 12.  Plaintiff was told he could not have the air traffic controller position because he failed the hearing test and waiver denied. | Lopez Decl., ¶ 14; Ex. K (Vol. 1 – 99:6-101:1, 102:4-25, 163:17-165:9.) |
| 13.  Prior to SFC Williams obtaining the NCO Report, she told Plaintiff he would not receive the air traffic controller position. | Ex. B (Vol. 2 – 160:12-161:1.) |
| 14.  Plaintiff was never told that he was denied the air traffic control position because of his credit. | Ex. K (Vol. 1 – 104:15-18.) |
| 15.  Plaintiff believes his security clearance was denied because of discrimination. | Ex. K (Vol. 1 – 132:11-133:4) and Ex. B (Vol. 2 – 251:12-25). |
| 16.  Military obtained copy of Plaintiff's Experian credit report on December 18, 2001. | Lopez Decl., ¶ 15; Ex. L. |

2. Plaintiff Experienced Other Sources of Emotional Distress Other Than His Credit Reporting Issues

| MATERIAL  FACT | EVIDENCE |
|---|---|
| 17.  Plaintiff visited the V.A. in 2000 to ask for a mental health evaluation to support his claim against Trans Union. | Ex. K (Vol. 1 – 264:13-266:7, 271:23-272:18). |
| 18.  The V.A. turned him away | Ex. K (Vol. 1 – 264:13-265:2, |

| MATERIAL  FACT | EVIDENCE |
|---|---|
| because there was nothing wrong with him. | 266:3-6). |
| 19.  The furnishers of the inaccurate credit information also caused Plaintiff emotional distress. | Ex. K (Vol. 1 - 292:20-293:1, 293:11-15.) |
| 20.  Plaintiff attributes 95-100% of his emotional distress to Experian. | Ex. K (Vol. 1 - 294:12-295:18) and Ex. B (Vol. 2 – 241:8-15). |
| 21.  Plaintiff's Expert Witness Report focuses exclusively on Experian and never mentions Trans Union. | Lopez Decl., ¶ 13; Ex. J. |
| 22.  Plaintiff's brother died of cancer in August 1999. | Ex. B (Vol. 2 - 212:8-213:17.) |
| 23.  September 11, 2001 terrorist attacks prompted Plaintiff to drop out of school, send a threatening e-mail, and tell others he intended to bring a weapon to school resulting in his detention by campus police. | Ex. B (Vol. 2 – 108:2-110:17 (e-mail and gun threat), 110:18-25 (reported to military), 111:1-13 (detention by officers), 112:4-113:14 (e-mail), 114:5-21 (proposed constitutional amendment), 110:18-25)), Ex. M and Ex. N; Lopez Decl., ¶¶ 16-17. |
| 24.  Plaintiff repeatedly discussed his application for a security clearance with his chain of command, whose responding conduct caused him serious emotional distress. | Ex. B (Vol. 2 - 254:16-255:1). |
| 25.  Plaintiff claims his chain of command lied to him concerning his application. | Ex. B (Vol. 2 - 256:6-257:20, 289:4-22, 290:25-291:18, 293:2-294:11). |
| 26.  The day Plaintiff learned his chain of command allegedly lied to him about his application was a "key day" in his life. | Ex. B (Vol. 2 - 258:14-24). |
| 27.  All of his post-2002 distress resulted from not receiving the air traffic controller position. | Ex. B (Vol. 2 - 279:6-14). |
| 28.  Plaintiff claims he was | Ex. B (Vol. 2 - 214:3-215:2) |

4

| MATERIAL  FACT | EVIDENCE |
|---|---|
| discriminated against and harassed in the military. | and Ex. O; Lopez Decl., ¶ 18. |
| 29.  Plaintiff claims he witnessed many violations of the U.C.M.J. which upset him. | Ex. B (Vol. 2 – 272:12-274:5, 274:18-275:2) and Ex. O. |
| 30.  Plaintiff believes his fellow soldiers lied to him and denied him information, which caused him emotional distress. | Ex. B (Vol. 2 – 276:13-24). |
| 31.  Plaintiff admits his military experiences from July 2002-September 2004 caused him intense emotional distress. | Ex. B (Vol. 2 – 216:9-18.) |
| 32.  Plaintiff admits the military said he threatened to kill someone and then detained him in a mental ward for 24 hours and took his weapons. | Ex. B (Vol. 2 – 226:14-229:1, 310:25-313:11, 319:12-320:10, 320:22-321:8 (weapons removal)) and Ex. P; Lopez Decl., ¶ 19. |
| 33.  Military said Plaintiff was a risk to himself and others, a statement which caused him emotional distress. | Ex. B (Vol. 2 – 316:15-317:5, 328:21-329:25) and Ex. P. |
| 34.  Plaintiff was recommended for an Article 15 discharge, but he opted for a court martial, all of which caused him emotional distress. | Ex. B (Vol. 2 – 295:8-296:20.) |
| 35.  Plaintiff was demoted at the time of his discharge in 2004, which caused him emotional distress. | Ex. B (Vol. 2—322:21-323:14). |
| 36.  Plaintiff received negative evaluations in the military which caused him emotional distress. | Ex. B (Vol. 2—298:24-299:15, 300:18-301:25) and Ex. Q; Lopez Decl., ¶ 20. |
| 37.  Plaintiff divorced his second wife in late 2004 and admits she said his discharge from the military negatively impacted the marriage. | Ex. B (Vol. 2—209:6-21, 218:18-22). |
| 38.  Plaintiff disclosed all his credit and personal problems in a book he wrote. | See Defendant Trans Union LLC's Request for Judicial Notice; Ex. B (Vol 2 – 148:14-18); Lopez Decl., ¶ 21. |

3. Plaintiff Stipulated To Dismissal of Post-February 2002
Claims And, Even If He Didn't, The Military Told Him His
Clearance Was Stopped Because of Impending Discharge And
Likely Would Have Denied His Clearance Anyway Because Of
Lies On His Application And History Of Violence and Arrests

| MATERIAL FACT | EVIDENCE |
|---|---|
| 39.  Plaintiff stipulated to the dismissal of all post-February 2002 claims related to his military employment and clearance denials. | Ex. K (Vol. 1—92:22-93:4, 94:14-95:9). |
| 40.  Capt. Voss told Plaintiff that his security clearance was being stopped because of his discharge. | Ex. K (Vol. 1—69:25-70:10) and Ex. B (Vol. 2—252:21-253:19). |
| 41.  Plaintiff admits that he lied on his security applications. | Ex. B (Vol. 2—12:2-16:5, 28:18-29:10, 54:10-16), Ex. R and Ex. S; Lopez Decl., ¶¶ 22-23. |
| 42.  There were numerous discrepancies between his application statements and third party interviews. | Ex. T and Ex. B(Vol. 2—99:3-10); Lopez Decl., ¶ 24. |
| 43.  The military obtained a copy of Plaintiff's ex-wife's restraining order application. | Ex. B (Vol. 2—123:18-126:18) and Ex. U; Lopez Decl., ¶ 25. |
| 44.  Plaintiff was arrested for theft of firewood and served two days in jail for the offense. | Ex. B (Vol. 2—136:7-138:1) and Ex. V; Lopez Decl., ¶ 26. |

DATED:    Honolulu, Hawaii, January 13, 2006.


PRICE, OKAMOTO, HIMENO & LUM

By:  /s/ Robert M. Kohn
     Kenneth T. Okamoto
     Robert M. Kohn
     Attorneys for Defendant
     Trans Union LLC

Of Counsel:
PRICE OKAMOTO HIMENO &  LUM
Attorneys at Law
KENNETH T. OKAMOTO, ESQ. 2068
ROBERT M. KOHN, ESQ.     6291
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Telephone: (808) 538-1113
Fax: (808) 533-0549
Email:    rkohn@pohlhawaii.com

CROWELL & MORING LLP
Attorneys at Law
DONALD E. BRADLEY, ESQ. (*pro hac vice*, Cal. Bar No. 145037)
THERESA C. LOPEZ, ESQ. (*pro hac vice*, Cal. Bar No. 205338)
3 Park Plaza, 20th Floor
Irvine, California 92614-8505
Telephone: (949) 263-8400
Email:    dbradley@crowell.com
          tlopez@crowell.com

Attorneys for Defendant
TRANS UNION LLC


                 IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| GERALD H. ELLER,<br><br>                Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign corporation; BANK ONE CORPORATION, a foreign corporation,<br><br>                Defendants. | CIVIL NO. 04-CV-174 DAE KSC<br><br>CERTIFICATE OF SERVICE RE: DEFENDANT TRANS UNION LLC'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION<br><br>Action Filed:  12/17/2003 |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of DEFENDANT

TRANS UNION LLC'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT

OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY

ADJUDICATION was duly served upon the following parties

indicated below <u>IN THE MANNER INDICATED BELOW</u> on this day to the

addresses set forth herein below:

| | |
|---|---|
| Norman K.K. Lau, Esq.<br>Attorney at Law<br>820 Mililani Street<br>Suite 701<br>Honolulu, Hawaii 96813<br>Fax:  (808) 523-6769<br>**BY PERSONAL SERVICE** | Scott K. Behrendt, Esq.<br>Jones Day<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Fax:  (213) 243-2539<br>**BY OVERNIGHT MAIL** |
| Robert S. Sola, Esq.<br>Attorney at Law<br>8835 S.W. Canyon Lane<br>Suite 130<br>Portland, Oregon 97225<br>Fax:  (503) 291-9172<br>**BY OVERNIGHT MAIL** | Deborah K. Wright, Esq.<br>Keith D. Kirschbraun, Esq.<br>Wright & Kirschbraun<br>1885 Main Street, Suite 108<br>Wailuku, Hawaii 96793-1827<br>Fax:  (808) 244-1013<br>**BY OVERNIGHT MAIL** |
| Attorneys for Plaintiff<br>Gerald H. Eller | Attorneys for Defendant<br>Experian Information<br>Solutions, Inc. |

DATED:  Honolulu, Hawaii, January 13, 2006.

PRICE, OKAMOTO, HIMENO & LUM


By:  /s/ Robert M. Kohn
     Kenneth T. Okamoto
     Robert M. Kohn
     Attorneys for Defendant
     Trans Union LLC