NORMAN K.K. LAU
Attorney at Law
A Law Corporation

NORMAN K.K. LAU 1795
820 Mililani Street, Suite 701
Honolulu, Hawaii 96813
Telephone No. (808) 523-6767
Facsimile No. (808) 523-6769
Email: norm@normlau.com

ROBERT S. SOLA, P.C.
Attorney at Law

ROBERT S. SOLA (*pro hac vice, OSB No. 84454*)
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Telephone No. (503) 295-6880
Facsimile No. (503) 291-9172
Email: rssola@msn.com

Attorneys for Plaintiff
GERALD H. ELLER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD H. ELLER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign corporation; and BANK ONE CORPORATION, a foreign corporation,<br><br>　　　　　Defendants. | CASE NO. CV 04-00174 DAE-KSC<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST TRANS UNION LLC, |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST TRANS UNION LLC

I. INTRODUCTION

Plaintiff Gerald H. Eller ("plaintiff") has moved for partial summary judgment as to liability on some of his claims against Trans Union LLC ("Trans Union") pursuant to Fed. R. Civ. P. 56. First, plaintiff moves for summary judgment on his claim that Trans Union willfully failed to comply with the requirements of 15 U.S.C. § 1681e(b). Second, plaintiff moves for summary judgment on his claim that Trans Union negligently failed to comply with the requirements of § 1681e(b). Third, plaintiff moves for summary judgment on his claim that Trans Union willfully failed to comply with the requirements of §§ 1681g(a)(3) and (5). Fourth, plaintiff moves for summary judgment on his claim that Trans Union negligently failed to comply with the requirements of §§ 1681g(a)(3) and (5).

II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled judgment as a matter of law. Fed. R. Civ. P. 56(c). A party may obtain summary judgment on "all or any part" of a claim. Fed. R. Civ. P. 56(a).

III. THE FAIR CREDIT REPORTING ACT

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., is a comprehensive statutory scheme governing the conduct of the credit reporting agencies who prepare and sell credit reports, persons who furnish information to those agencies, and persons who use credit reports.

The FCRA was the product of Congressional concern over abuses in the credit reporting industry. Guimond v. Trans Union Credit Information Co., 45 F 3d 1329, 1333 (9th Cir. 1995). Congress specifically noted that credit reporting agencies have "grave responsibilities" in the assembling of consumer credit and other information and must exercise those responsibilities with fairness, partiality and a respect for the consumer's right to privacy. §§ 1681(a)(3) and (4). The FCRA was crafted to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner. Guimond, 45 F 3d at 1333. "These

2

consumer oriented objectives support a liberal construction of the FCRA." Id. To achieve those objectives, the FCRA includes stringent requirements that must be followed by credit reporting agencies such as Trans Union.[1]

### IV. THE FCRA PROVISIONS PERTAINING TO THIS MOTION

Plaintiff's motions are based on the two civil liability provisions in the FCRA and two provisions imposing duties upon Trans Union. The FCRA imposes liability on any person "who willfully fails to comply with any requirement" of the FCRA. § 1681n(a). The FCRA also imposes liability on any person "who is negligent in failing to comply with any requirement" of the FCRA. § 1681o(a).

The Ninth Circuit recently issued an opinion defining the word "willfully" as used in the civil liability provision of the FCRA, § 1681n. In Reynolds v. Hartford Financial Services, 426 F 3d 1020, 1038 (9th Cir. 2005), the court held:

> "In sum, if a company knowingly and intentionally performs an act that violates FCRA, either knowing that the action violates the rights of consumers or in reckless disregard of those rights, the company will be liable under 15 U.S.C. § 1681n for willfully violating consumers' rights."

This Court, and other district courts in the Ninth Circuit, now have a clear legal standard to apply to claims for willful violations of the FCRA.

The standard of conduct for determining whether a party was "negligent" as used in § 1681o is "what a reasonably prudent person would do under the circumstances." Thompson v. San Antonio Retail Merchants Association, 682 F 2d 509, 513 (5th Cir. 1982); Bryant v. TRW, Inc., 689 F 2d 72, 78 (6th Cir. 1982).

Plaintiff's first and second motions are for failure to comply with §1681e(b) which provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow

---

[1] The FCRA uses the terms "consumer reporting agencies" and "consumer reports". However, the agencies are commonly known as "credit reporting agencies" and the reports are typically called "credit reports" so plaintiff will use those terms.

3

reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

Plaintiff's third and fourth motions are based on § 1681g. This section requires that upon the request of a consumer, the credit reporting agency send the consumer all the information in the consumer's file and identification of persons who received credit reports or information on the consumer. Plaintiff claims that Trans Union failed to comply with subsections § 1681g(a)(3)(A)(ii) and (5), which require that Trans Union provide:

> "(3)(A) Identification of each person (including each end-user identified under section 1681e(e)(1)) that procured a consumer report—
> * * *
> (ii) for any other purpose, during the one-year period preceding the date on which the request is made.
> * * *
> (5) A record of all inquiries received by the agency during the one-year period preceding the request that identify the consumer in connection with a credit or insurance transaction that was not initiated by the consumer."

## V. ARGUMENT

### A. Trans Union Willfully Failed To Comply With § 1681e(b)

Trans Union did not follow reasonable procedures to assure maximum possible accuracy of the information it reported about plaintiff as required by § 1681e(b). It did the opposite. After plaintiff's settlement with Trans Union, it knowingly deleted 13 accurate and positive accounts that plaintiff and Trans Union agreed belonged to him when they settled the prior lawsuit. Trans Union's conduct was intentional and in reckless disregard of plaintiff's rights under the FCRA. Therefore, its failure to comply was willful. Reynolds v. Hartford Financial Services, 426 F 3d 1020, 1038 (9th Cir. 2005).

In Wharram v. Credit Services Inc., 2004 WL 1052970, 2004 LEXIS 8517 (D.Minn. 2004), the credit reporting agency, CSC, deleted an entire Wells Fargo account tradeline belonging to the consumer after the consumer disputed CSC's reporting of the account as

4

delinquent and a charge off. CSC moved for summary judgment arguing it could not be liable for not reporting the account on the credit report. The court rejected that contention, stating:

> "CSC also argues that Wharram may not complain about information not appearing on his consumer report. The plain language of the statute suggests otherwise. The statute states, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Deleting the entire tradeline did not assure the maximum possible accuracy of information relating to Wharram because it failed to convey the positive credit history Wharram established with Wells Fargo prior to the instant dispute. Maximum accuracy, under the statute, applies equally to favorable information as it does to unfavorable information. The Congressional mandate and intent underlying 15 U.S.C. § 1681e(b) is clear, which is to "require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" 15 U.S.C. 1681(b).

A copy of the Wharram opinion is attached as Exhibit F.

As of April 30, 2003, Trans Union was still reporting only the Citibank account in regard to plaintiff. Ex. D. Later in 2003 and continuing into 2004, Trans Union only reported two accounts regarding plaintiff rather than the 14 positive accounts Trans Union knew were his. In December 2004, when plaintiff looked into getting a mortgage, Trans Union only reported two accounts regarding him. Eller Decl. ¶ 9.

In November 2005, things changed. Plaintiff was in the midst of his lawsuit against Trans Union. Trans Union realized that its continuing violation would hinder its defense of the lawsuit, so it put almost all of the deleted accounts back on plaintiff's credit report. Trans Union provided plaintiff with a credit report dated November 28, 2005 that included his First Nationwide mortgage account, Key Bank 9000001199367, HH Bank 5443170000036272, HH Bank 5404242421054254, First Card, Citibank Visa and other accounts that it had wrongfully deleted. Ex. E. Trans Union's decision to restore the deleted accurate accounts to plaintiff's

credit report after it saw he was serious about pursuing his case against Trans Union is further evidence that Trans Union willfully violated § 1681e(b). Trans Union only chose to comply with the law when it knew not doing so might subject it to greater liability and greater damages.

### B. Trans Union Negligently Failed To Comply With § 1681e(b)

If the Court decides not to grant summary judgment on the willful claim, then plaintiff asks it grant summary judgment that Trans Union negligently violated § 1681e(b). A reasonably prudent person would not delete information it knew was accurate.

The unusual circumstances of this case dictate that plaintiff is entitled to summary judgment either for a willful or negligent violation of § 1681e(b). Plaintiff had verified that the 14 accounts appearing on the August 14, 2001 credit report were his. Both he and Trans Union had made that credit report an exhibit to their settlement agreement. Trans Union cannot delete information which plaintiff verified as accurate and claim it followed reasonable procedures to assure maximum possible accuracy.

### C. Trans Union Willfully Failed To Comply With § 1681g(a)(3)(A)(ii) and (5)

The report dated March 8, 2003 that Trans Union sent to plaintiff at plaintiff's request did not include the identification of the persons who had received plaintiff's credit report or who had requested information about plaintiff. Ex. B. Trans Union failed to list a single person. Yet, Trans Union knew it had issued credit reports regarding plaintiff and provided information to other companies that had requested information about plaintiff. The names of these companies were in Trans Union's own record of plaintiff's file in January 2003. That record lists the names of two companies that received plaintiff's credit reports and states that those names will "remain on your credit report for two years." Ex. C, p. 3.

Moreover, Trans Union's record included the names of four other companies that requested and received information about plaintiff in the prior year. Ex. C, p.3.

The facts are undisputed. Trans Union had the information on the companies that received plaintiff's credit report and other information on him but withheld that information from plaintiff in reckless disregard of his rights under the FCRA. Trans Union has willfully failed to

comply with § 1681g(a)(3)(A)(ii) and (5). <u>Reynolds v. Hartford Financial Services,</u> 426 F 3d at 1038.

### D. Trans Union Negligently Failed To Comply With § 1681g(a)(3)(A)(ii) and (5)

It is hard to see how Trans Union's deliberate withholding of information plaintiff is entitled to have under the FCRA could be anything but a willful violation. However, if the Court determines that plaintiff should not have summary judgment on the willful claim, the Court should grant summary judgment on the negligence claim. It is not reasonably prudent for a consumer reporting agency to withhold information it has and must provide to a consumer.

## VI. CONCLUSION

There is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law that Trans Union willfully failed to comply with the provisions of the FCRA. Plaintiff respectfully requests that the Court grant partial summary judgment on plaintiff's first and third motions. In the alternative, plaintiff asks that the Court enter partial summary judgment on plaintiff's second and fourth motions that Trans Union negligently failed to comply with the FCRA.

DATED: Honolulu, Hawaii, January 13, 2006.

ROBERT S. SOLA (pro hac vice)
NORMAN K.K. LAU

Attorneys for Plaintiff
GERALD H. ELLER